JAMES FRASER, plaintiff in error, *vs.* ELI McCONNELL, adm'r, defendant in error.

If A. buys goods of C., and subsequent to the sale, gives a portion of them to B., and B. unites in a note with A. to C. for the purchase money, with the understanding that B. signs as security; the fact that B. received a part of the goods from A., by way of gift, does not constitute him a principal in the contract.

Certiorari, in Cherokee Superior Court.   Decision by Judge Brown, at June adjourned Term, 1857.

Eli McConnell, administrator of James Stewart, deceased, brought suit in a Justice Court against James Fraser, upon the following promissory note:

$29 62½.   Twelve months after date we promise *to pay* Eli McConnell, adm'r, with the will annexed of James Stewart, deceased, or bearer, twenty-nine dollars, sixty-two and a half cents, for value received.   This 18th Nov., 1854.

his<br>
CRAVEN ⋈ FRASER,<br>
mark.<br>
JAMES FRASER.

The defendant, James Fraser, pleaded that he was only security on said note; that he had given notice to plaintiff to sue thereon, which he had failed to do, within the time required by law; and that defendant was consequently discharged from liability.

Upon the trial plaintiff introduced the note and closed.

Defendant read the answers of James Able, to interrogatories, who testified that he saw defendant sign the note; he signed it as security; he got a part of the consideration of said note; a loom which was sold for $4 25, and which constituted part of said note.   Witness cannot read or write is not related to defendant.   Defendant got nothing but the loom, as he remembers.

Defendant next proved, that he had given notice to the plaintiff, to sue, which was admitted.

He also proved that Craven Fraser bid off the loom at the sale; he stated that he bought it to give to defendant's wife, who had washed for him the year before, and had not charged him anything.

That Craven applied to another person to become his security, who refused, he then asked defendant, who was his son, who signed the note with him.

Defendant then had one John Fitch, who was on the ground, but who had not been subpœnaed, called as a witness, who refused to come into Court, and the Court refused to compel him to attend.

Defendant then offered a certified copy of the bill of sale of James Stewart's estate, as returned by the plaintiff to the Ordinary's office, and of the terms of said sale, from which it appeared that the terms were, for all sums under five dollars, cash, for all sums over five dollars, note with good security, and that Craven Fraser bought,

| One bed and furniture, | - | - | - | $25 25 |
| One loom, | - | - | - | - | 4 37½ |

$29 62½

Plaintiff in reply, proved by one witness that he heard Craven Fraser say, that he had bought the loom for the plaintiff.

The case being on appeal in the Justices' Court, the jury found for the plaintiff the amount of the note, and interest and cost.

Defendant excepted on the grounds,

1st. Because defendant proved that he signed said note as security only.

2d. Because defendant proved that he did not receive any of the consideration of said note, but that Craven Fraser gave the loom to his wife.

3d. Because the notice to sue being admitted, the jury erred in not finding in favor of defendant.

And prays that a writ of certiorari be directed to said Justices, requiring them to certify and send up to the next Superior Court, the proceedings in said cause, etc.

The Justices made their return to the certiorari, and before the hearing, the Judge of the Superior Court, dismissed the certiorari, and counsel for defendant excepts.

BIRD & TEASLY, for plaintiffs in error.

SAM'L WEIL, *contra*.

*By the Court.*—LUMPKIN J., delivering the opinion.

We think the weight of evidence in this case, strongly and decidedly against the verdict of the jury in the Justices' Court, and the judgment of the Superior Court, affirming that finding.

Still, we might not feel it to be our duty to interfere, were we not persuaded that the law of the case was misapprehended. It would seem that in both Courts, it was supposed that, if A. buys property and makes a gift of a portion of it to B., and B. unites with A. in giving a note to C., under an understanding, that B. is the security only of A., that this makes B. a principal with A. to the original contract. But this, we apprehend, is not the law. B. was no party with A. in the purchase, neither did he participate in the consideration, as coming from C., and the subsequent gift from A., could not constitute B. a principal.

And with the law thus expounded, all the testimony harmonizes and goes to show, that James Fraser was security only to Craven Fraser. The goods were charged in the sale bill, to Craven Fraser. By the terms of the sale, security was to be given on all purchases amounting to more than five dollars, and yet, Craven and James Fraser's were the only two names to the note. Did not the payee believe that James Fraser was security for Craven?

McConnell then, admitting as he does, that he was notified to sue, and failing to do so, within the three months prescribed by the statute, James Fraser was discharged. And this would seem to be the justice of the case under any view of it. The purchases amounted to a fraction under thirty dollars. The old loom given by Craven Fraser to James' wife for washing his clothes, and charging him nothing for it the previous year, only cost four dollars and a quarter. There being then, no joint or common interest between Craven and James, in the remainder of the articles, it would seem hard for James not to be allowed the protection afforded him by the Legislature, by the neglect of the creditor to sue.

Judgment reversed.